**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2278
_____

PHYLLIS A. JOHNSON,
                                        Appellant

v.

PITTSBURGH PUBLIC SCHOOLS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-00146)
District Judge:  Honorable Christy Criswell Wiegand
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2024
Before:  SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: February 5, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Phyllis Johnson appeals pro se from an order of the District Court dismissing her amended complaint. For the reasons that follow, we will affirm the judgment in part, vacate in part, and remand for further proceedings.

In January 2022, Johnson filed a complaint against her former employer, Pittsburgh Public Schools ("PPS"), alleging discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Johnson alleged that during the 2020-2021 school year, she was employed by PPS as a third-grade teacher in a "self-contained on-line classroom" and was "required to teach all subjects." Dkt No. 1, at 5. Johnson elected to take leave through the Family Medical Leave Act and "later decided to resign from [her] position effective January 2021." Id. Johnson alleged that, while she was on leave, a replacement teacher, Mrs. Paolino, was assigned to teach her class. Johnson further alleged that the replacement teacher, though she was qualified, was not required to teach all the subjects that Johnson was required to teach, but instead was provided "two additional teachers in the classroom" to teach a portion of the subjects. Id. According to Johnson, she received a "less favorabl[e]" arrangement because of her age, since the replacement teacher and the two other teachers were all younger than her. Dkt No. 1-2, at 2. PPS moved to dismiss the complaint and the District Court granted the motion. The District Court dismissed the ADEA claim without prejudice.[1]

---

[1] Johnson also asserted a claim under what she titled the "Fair Employment Practice [Act]" or "FEP," but because she does not address that claim in her brief on appeal, we do not discuss it further. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

Johnson thereafter filed an amended complaint asserting a claim under the ADEA. Dkt No. 17. In addition to the allegations contained in her initial complaint, Johnson's amended complaint contained several new allegations. For example, Johnson alleged that prior to her leave, she requested help for her classroom on two occasions and, while she received assistance in planning lessons, she did not receive any additional teachers assigned to help her. Johnson also alleged that she was subjected to multiple "Formal Observations," despite the usual practice of alternating between informal and formal observations. Additionally, Johnson alleged that a math coach was terminated for expressing concerns about a math class and, at some point, the principal sent "an irate parent" to her classroom during instruction. PPS again moved to dismiss. On July 12, 2023, the District Court granted PPS's motion and dismissed the amended complaint with prejudice. The District Court concluded that Johnson failed to plausibly allege that she was constructively discharged and therefore failed to establish that she suffered an adverse employment action. Johnson appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant a motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). In reviewing such a dismissal, we accept all factual allegations in the complaint as true, and we draw all reasonable inferences in the light most favorable to the plaintiff. Id.

To state a prima facie case of age discrimination, a plaintiff must allege that she (1) is at least forty years old; (2) suffered an adverse employment decision; (3) was qualified for the position in question; and (4) "was ultimately replaced by another

3

employee who was sufficiently younger so as to support an inference of a discriminatory motive." Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015).

The District Court construed Johnson's complaint as alleging a constructive discharge. To the extent that Johnson alleged such a claim, we agree with the District Court that Johnson failed to state a claim.[2] However, on appeal, Johnson argues that the District Court incorrectly interpreted her complaint as alleging constructive discharge. Rather, Johnson alleges that she was treated differently than her younger coworker.

We agree with Johnson. A review of the amended complaint confirms that she did not predicate her claim on a constructive discharge, but rather on disparate treatment; that is, she claims that, as compared to her younger replacement, she was given an unusually difficult teaching assignment that made her job significantly harder. Therefore, we conclude that the District Court erred in limiting its review of the amended complaint to

---

[2] "In order to establish a constructive discharge, a plaintiff must show that the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign." Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001) (quoting Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1084 (3d Cir. 1996)). Johnson's allegations do not meet this standard. The allegation that Johnson was required to teach all subjects in a self-contained classroom, while her replacement was only required to teach one subject with the additional help of two teachers to teach the remaining subjects, is not "so intolerable that a reasonable person" would resign. Id. Johnson's allegations regarding her formal observations, the termination of a different employee, and the single occurrence of an "irate parent" being sent to her classroom, similarly do not sufficiently allege a constructive discharge claim. Like the District Court noted, Johnson has failed to allege facts that demonstrate "unreasonably harsh conditions" that would give rise to her resignation. See Gray v. York Newspapers, Inc., 957 F.2d 1070, 1083 (3d Cir. 1992) (quoting Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985)).

4

an analysis of a constructive discharge.  See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 411–12 (3d Cir. 1999).

Accordingly, we will affirm the District Court's decision in part, vacate in part, and remand the matter for the Court to assess this disparate-treatment claim in the first instance.  See Forestal Guarani S.A. v. Daros Int'l, Inc., 613 F.3d 395, 401 (3d Cir. 2010) ("We ordinarily decline to consider issues not decided by a district court, choosing instead to allow that court to consider them in the first instance.").[3]

---

[3] We express no opinion on the validity of Johnson's claim, and our decision does not preclude the District Court from addressing any other basis for dismissal raised by the Appellee or resolving the matter on other grounds.